T. J. Noone, *Plaintiff in Error,* v. Southern Express Company, a Corporation, *Defendant in Error.*

## Opinion Filed January 14, 1920.

1. A shipper of goods by a common carrier is limited to a recovery of the declared value of such goods in an action by him for the loss of his property though occasioned by the negligence of the carrier.

2. A contract fairly entered into by a shipper and a carrier as to the value of goods accepted for shipment is binding upon the shipper in an action for the loss of such property.

A Writ or Error to the Circuit Court for Orange County; James W. Perkins, Judge.

Judgment affirmed.

*S. E. Durrance,* for Plaintiff in Error;

*Kay, Adams & Ragland,* for Defendant in Error.

Horne, Circuit Judge.—On February 15th, 1918, suit was begun and the record discloses the facts following:

The defendant was a common carrier for hire and as such received from plaintiff at Jacksonville, Florida, a trunk containing many articles of the real value of $427.50, and of a declared value of only $75.00, such value being declared by the plaintiff for the purpose of obtaining cheaper transportation of said trunk. The trunk with its contents were lost in transit and it is alleged by and through the negligence of the defendant. The plaintiff seeks to recover the real value as his damages for the loss of his property, and the defendant seeks to limit his

recovery to the declared value of the property. The Court below held with the defendant on a demurrer to its pleas, and from a final judgment on such demurrer this writ of error was sued out.

The plaintiff's principal contention as the writer understands his brief is to the effect that the defendant cannot contract against an act of its negligence or that of its servants.

The courts recognize it to be a true statement of the law that a common carrier cannot contract so as to exempt itself from liability for losses occasioned by its own negligence.

"The doctrine of the common law which holds the carrier to the liability of an insurer does not deny to the parties to the shipment the right to enter into contracts with reference to this liability, and it is well settled that the owner and the carrier may by contract provide for a limitation of the carrier's liability that is not illegal or unreasonable." Atlantic Coast Line R. Co. v. Hinely-Stephens Co., 64 Fla. 175, text 181, 60 South. Rep. 749.

In the cited case there was a contract of shipment limiting value, and a departure or deviation from the contract route of shipment by the defendant, and by reason thereof only a bare majority of this court were willing to hold the carrier responsible for the real value of the shipment, while a respectable minority of the court were, with reasons satisfactory to them and others, unwilling to hold the carrier responsible for more than the agreed contract or declared value of the property lost.

The plaintiff and defendant were each bound by the contract of shipment in the case at bar. Atlantic Coast Line R. Co. v. Dexter & Conner, 50 Fla. 180, 39 South. Rep. 634; Atlantic Coast Line R. Co. v. Hinely-Stephens

Co., *supra;* Adams Exp. Co. v. Croninger, 226 U. S. 491, 33 Sup. Ct. Rep. 148; Kansas City Southern R. Co. v. Carl, 227 U. S. 639, 33 Sup. Ct. Rep. 391.

Common honesty, good faith and fair dealing, it seems to the writer, would limit the plaintiff in his recovery to the value as declared by him, though made at a time when it was to his advantage to make it small, and now greatly to his disadvantage when suing for the recovery of damages for the loss of his property by one having exclusive control of it; and in the opinion of the writer the judgment of the Circuit Court should be affirmed.

PER CURIAM.—The record in this cause having been considered by this court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the court as its opinion, it is considered, ordered and adjudged by the court that the judgment herein be and the same is hereby affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.