SEABOARD AIR LINE RAILWAY COMPANY, a Corporation, *Plaintiff in Error,* v. C. D. SCHENCK, *Defendant in Error.*

Division B.

Opinion filed January 11, 1929.

*L. W. Duval,* for Plaintiff in Error;

*Anderson & Anderson,* for Defendant in Error.

BUFORD, J.—This case comes to this Court on writ of error to the Circuit Court of Marion County in a case wherein the defendant in error sued the plaintiff in error

for damage alleged to have occurred to a shipment of household goods while in transit by the defendant as a common carrier.

There was enough evidence to warrant the jury in returning a verdict in favor of the plaintiff.

The damage recoverable by the plaintiff, however, was limited in this case by the contract in the form of a bill of lading. That contract fixed the weight of the goods at Two Thousand (2000) pounds and the value at ten cents per pound. The judgment was for Two Hundred and Fifty-five ($255.00) Dollars. The plaintiff and defendant were each bound by the contract of shipment in this case. A. C. L. R. Co. v. Dexter & Conner, 50 Fla. 180, 39 So. R. 634; Noone v. Sou. Express Co. 79 Fla. 25, 83 So. R. 607. In the latter cited case Judge Horne, the writer of the opinion therein, says:

> Common honesty, good faith, and fair dealing, it seems to the writer, would limit the plaintiff in his .recovery to the value as declared by him though made at a time when it was to his advantage to make it small, and now greatly to his disadvantage when suing for the recovery of damages for the loss of his property by one having exclusive control of it; and in the opinion of the writer the judgment of the circuit court should be affirmed.

The recoverable value of the goods as limited by the contract between the parties in this case was Two Hundred ($200.00) Dollars.

If within thirty days after the filing of the mandate in the trial court, the plaintiff will enter remittitur of Fifty-five ($55.00) Dollars of the amount, the judgment will stand

affirmed for Two Hundred ($200.00) Dollars. Otherwise, the judgment is reversed for a new trial.

It is so ordered.

WHITFIELD, P. J. AND STRUM, J., concur.

TERRELL, C. J. AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.